IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER HILTON RANDLES, | ) |
| Plaintiff, | ) |
| v. | ) Civ. A. No. 23-200-KD-MU |
| THE UNITED STATES, | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

On August 1, 2023, Defendant United States filed a Motion to Dismiss the Complaint filed by Plaintiff Randles. (Doc. 7). On September 5, 2023, Plaintiff filed "Plaintiff's Pleading Request for Victim Rights to be Honored by Defendant" (Doc. 11) and filed a similar request on September 28, 2023, titled "Plaintiff's Motion for Relief to assert Victim Rights" (Doc. 12) (together the "Victims' Rights Motions"). These three motions have been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. The motion to dismiss requests dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for, respectively, lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The Victims' Rights Motions assert claims under 18 U.S.C. § 3771, the Crime Victims' Rights Act (CVRA). For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED and that this action be DISMISSED without prejudice.** The undersigned Magistrate Judge further **RECOMMENDS** that Defendant's Victims' Rights Motions be **DENIED**.

## BACKGROUND

On May 31, 2023, Plaintiff filed his Complaint against the United States making allegations related to the conduct of certain unidentified FBI employees. (Doc. 1). In his Complaint, Plaintiff alleges that certain FBI employees engaged in a conspiracy to commit criminal acts and to violate his civil rights by (1) failing to investigate alleged criminal acts reported by him and (2) disclosing private information about him. (*Id.*, PageID.2). More specifically, Plaintiff alleges that FBI agents engaged in a conspiracy to violate his civil rights in violation of 42 U.S.C. §§ 1985(3) and 1986. (*Id.*, PageID.3-4). He also alleges that certain FBI agents (*i.e.*, "FBI Agent Jim of Mobile, Alabama," "FBI Agent Rick," "Call Center FBI Agent of Mobile, Alabama (Suspect 1)," "Call Center FBI Agent of Mobile, Alabama (Suspect 2)," and "Call Center FBI Agent ID 9788 of Mobile, Alabama") violated the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 1466, 1503, 1505, 1512, 1519, and 1905. (*Id.*, PageID.6-10, 13-16). He fails to state whether any of these criminal statutes creates a private right of action. (*Id.*). Plaintiff also alleges that FBI agents failed to investigate criminal activity he reported to "FBI Agent Jim" and the "Call Center FBI Agent[s]." (*Id.*, PageID.6-7, 13-16). Finally, Plaintiff alleges that "FBI Agent Rick" distributed private and confidential information regarding Plaintiff to an individual named "Stephanie Sanders" at Factory Fitness in Gulf Shores, Alabama. (*Id.*, PageID.8-10). He does not identify the private and confidential information that was allegedly disclosed, and he does not allege that the information was disclosed to the public at large. (*Id.*).

While Plaintiff's allegations are difficult to discern, it appears he has made claims against the United States for (1) conspiring to violate his civil rights in violation of 42 U.S.C. § 1983, 1985(3), and 1986; (2) engaging in criminal activity; (3) failing to

2

investigate purported criminal activity; and (4) disclosing private information about him to the public and/or mishandling confidential information. In addition to his complaint, Plaintiff also filed the two Victims' Rights Motions where he attempts to assert rights "as a Victim of crimes committed by Federal Agents" under various sections of the CVRA, including a right to restitution. (Doc. 11, PageID.75, *see also* Doc. 12).

## **STANDARD OF REVIEW**

**I.    Subject Matter Jurisdiction**

Defendant moves to dismiss Plaintiff's claims for conspiracy to violate his civil rights and claims related to alleged criminal actions by FBI agents for lack of subject matter jurisdiction. Rule 12(b)(1) allows a defendant to move to dismiss an action for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction:

> [C]an be based on either a facial or factual challenge to the complaint. If the challenge is facial, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion is raised. Accordingly, the court must consider the allegations in the plaintiff's complaint as true.
>
> A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered. Furthermore, . . . the former Fifth Circuit held that the district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*McCorvey v. U.S.*, No. 12-00757-KD-C, 2014 WL 4594475, *3 (S.D. Ala. Sept. 11, 2014) (internal quotations and citations omitted). The plaintiff "bears the burden of proof to show that this Court has subject matter jurisdiction over [his] claims." *Washington v.*

3

*Esper*, No. 1:17-cv-528-TFM- MU, 2021 WL 849979, *3 (S.D. Ala. March 5, 2021).

II. **Failure to State a Claim**

Defendant further moves to dismiss all claims against it for failure to state a claim upon which relief can be granted. Rule 12(b)(6) permits a defendant to move to dismiss an action for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). This Court utilizes the following standard when deciding a Rule 12(b)(6) motion:

> To survive a motion to dismiss, a plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This standard asks for more than a sheer possibility that a defendant has acted unlawfully. That is, factual allegations must be enough to raise a right of relief above the speculative level, and must be a plain statement possessing enough heft to show that the pleader is entitled to relief. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory allegations or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. In addition to the foregoing, a complaint is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim or when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.

*WM Mobile Bay Envtl. Center, Inc. v. City of Mobile*, No. 18-0429-KD-MU, 2019 WL 759294, *1 (S.D. Ala. Feb. 1, 2019), *adopted by* 2019 WL 722850, *1 (S.D. Ala. Feb. 20, 2019) (internal quotations and citations omitted).

## **LEGAL ANALYSIS**

I. **Conspiracy to Violate Civil Rights in Violation of 42 U.S.C. § 1983, 1985(3), and 1986**

Plaintiff's claims under 42 U.S.C. §§ 1983, 1985(3), and 1986 are barred by the doctrine of sovereign immunity. "It is well settled that sovereign immunity bars suit

against the United States except to the extent that it consents to be sued." *Means v. U.S.*, 176 F.3d 1376, 1378 (11th Cir. 1999). The Eleventh Circuit has recognized that "[i]t is well established in this circuit that the United States has not waived its immunity to suit under the provisions of the civil rights statutes." *U.S. v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982); *see also Unimex, Inc. v. U.S. Dep't of Hous. & Urb. Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979) ("The direct claims against HUD are barred by sovereign immunity because the United States has not consented to suit under the civil rights statutes."). The district courts in this circuit have similarly recognized that claims against the United States under Sections 1983, 1985(3), and/or 1986 are barred by sovereign immunity. *See, e.g., Nicholson v. Johanns*, 511 F. Supp. 2d 1193, 1195 (S.D. Ala. 2007) (recognizing that the United States has not waived its immunity to suit under the civil rights statutes); *Gryder v. Mineta*, No. 1:04-CV-189-CC-ECS, 2006 WL 8431637, *4 (N.D. Ga. Jan. 23, 2006) ("[T]he United States has not waived its sovereign immunity from suits brought under Sections 1985 or 1986."); *Bernard v. Calejo*, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) ("Plaintiff's section 1985 claim is barred by sovereign immunity."). As a result, this Court lacks subject matter jurisdiction over Plaintiff's civil rights claims, and they are due to be dismissed under Rule 12(b)(1).

Even if sovereign immunity did not bar Plaintiff's claims under the civil rights statutes, Plaintiff cannot state a claim against the United States under any of those sections. *See, e.g., Johanns*, 511 F. Supp. 2d at 1195 (recognizing that Section 1983 "does not permit claims against federal defendants acting under color of federal law"); *Gryder*, 2006 WL 8431637 at *4 (recognizing that Section 1983 only provides a remedy against **state** actors); *Lowe v. I.R.S.*, No. 93-1421-Civ.-J-20, 1994 WL 420817, *3

(M.D. Fla. May 25, 1994) (holding that "[a] federal agency and the United States are not 'persons' within the meaning of Sections 1983 and 1985(3)"); *Harper v. City of Birmingham*, 661 F. Supp. 672, 674-75 (N.D. Ala. 1986) ("[I]t is the general rule that the United States is not a 'person' within the meaning of 42 U.S.C. §§ 1983, 1985, or 1986.") (internal footnote omitted). As a result, these claims are also due to be dismissed under Rule 12(b)(6) for failure to state a claim because (1) Section 1983 only applies to state, not federal, actors, and (2) the FBI and the United States are not "persons" within the meaning of Sections 1983, 1985(3), and 1986.

## II. Criminal Actions by FBI Employees

As with the claims under the civil rights statutes, this Court lacks subject matter jurisdiction over Plaintiff's claims that allege violations of federal criminal statutes because the United States has not waived its immunity to such suits through the Federal Tort Claims Act (FTCA). The FTCA does not waive sovereign immunity as to claims brought against the United States for the criminal activities of its employees. *David v. Darnell Cmty. Hosp.*, No. 8:19-cv- 2591-CEH-JSS, 2021 WL 2407992, *2 n.2 (M.D. Fla. June 7, 2021). These claims are due to be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

Regardless, Plaintiff fails to state a claim against the United States because "[p]laintiffs generally cannot pursue civil claims based on violations of a criminal statute unless the criminal statute itself creates a private right of action." *Govan v. U.S. Dep't of Veteran Affairs*, 787 F. App'x 599, 602 (11th Cir. 2019); *see also Clark v. Mallard*, No. CV617-138, 2017 WL 5617507, *1 (S.D. Ga. Nov. 1, 2017) ("Private citizens are simply not permitted to initiate criminal actions in federal court."). Courts in the Eleventh

Circuit routinely dismiss claims based on criminal statutes when those claims do not provide for a private right of action. *See Boston v. Monroe*, No. 1:21-CV-5080-CAP-CMS, 2022 WL 1907586, *2 (N.D. Ga. Feb. 25, 2022) (dismissing the plaintiff's claims because "there is no private right of action to institute a criminal proceeding"); *Lewis v. U.S.*, No. 5:21-cv-156-TJC-PRL, 2021 WL 2403742, *3 (M.D. Fla. April 13, 2021), *adopted by* 2021 WL 2401846, *1 (M.D. Fla. June 11, 2021) (dismissing claims brought under 18 U.S.C. § 242 because that "statute is a criminal statute that does not provide for a private right of action"); *Grissom v. U.S.*, No. 7:19-cv-01884-LSC, 2020 WL 1083213, *2-3 (N.D. Ala. March 5, 2020) (dismissing claims brought under 18 U.S.C. §§ 1038 and 1503 because there was no private right of action in the criminal statutes); *Hernandez v. Santa Rosa Corr. Inst.,* No. 3:05cv39/MCR/EMT, 2006 WL 8445803, *2 (N.D. Fla. Feb. 14, 2006) (dismissing claims brought under 18 U.S.C. §§ 241, 242, and 4042 because they "are criminal in nature and do not create a private right of action").

The United States has outlined the criminal statutes cited in Plaintiff's Complaint and confirmed that none of them create a private right of action. (*See* Doc. 7, PageID.7-8). Accordingly, Plaintiff's claims arising from alleged criminal acts by certain FBI agents fail to state a claim and are due to be dismissed under Rule 12(b)(6).

### III.     FBI's Failure to Investigate Criminal Activity

Plaintiff cannot pursue any claims based on the FBI's alleged failure to investigate his reports of criminal activity because "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). In other words, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution

7

of another." *Id.*; *see Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.").

With these principles in mind, the Eleventh Circuit has determined that a district court is "without authority to order an investigation to the criminal acts alleged in the complaint, since that responsibility is entrusted to the executive branch of the government and not the judiciary." *Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015). This Court has held that:

> [A] court is precluded from ordering a prosecution by the United States Attorney based on the separation of powers doctrine and because the determination of whether to commence a prosecution is a process that was not contemplated for the courts to engage in and, therefore, the courts are not equipped to handle a prosecution.

*Tannehill v. Wilkie*, No. 20-0105-TFM-C, 2021 WL 1624275, *25 (S.D. Ala. Jan. 25, 2021); *see also Stoll v. Martin*, No. 3:06CV180/LAC/EMT, 2006 WL 2024387, *3 (N.D. Fla. July 17, 2006) (holding that the district court "cannot direct that a federal prosecution occur; authority to investigate and initiate criminal complaints rests exclusively with federal prosecutors"). Additionally, "prosecutorial discretion may not be controlled by a writ of mandamus [pursuant to 28 U.S.C. § 1361]." *Jackson v. U.S.*, No. 8:16-cv-3497-T-36JSS, 2017 WL 11072154, *2 (M.D. Fla. May 18, 2017); *see also Boyd v. Yates*, No. 1:13-cv-3893-WSD, 2014 WL 3749301, *2 (N.D. Ga. July 29, 2014) (dismissing a plaintiff's petition for writ of mandamus brought under 28 U.S.C. § 1361 because she failed to identify any "non-discretionary duty for [the d]efendants to investigate and prosecute the allegations in the [c]omplaint").

Plaintiff's attempts to compel the FBI or the United States to investigate

purported crimes by third-parties also fail. As discussed above, Plaintiff has "no judicially cognizable interest" in the prosecution of a third-party and this Court lacks authority to order the FBI (or any other department of the executive branch) to investigate and/or prosecute criminal actions. Moreover, Plaintiff cannot utilize 28 U.S.C. § 1361 to compel the FBI to investigate individuals who he believes is committing criminal actions. *See Leisure v. FBI of Columbus, Ohio*, 2 F. App'x 488, 490 (6th Cir. 2001) (holding that a writ of mandamus under 28 U.S.C. § 1361 could not be used to compel the FBI to initiate a criminal investigation because that decision "is left within the FBI's discretion"). To the extent Plaintiff's claims against the United States are based on the FBI's failure to investigate criminal actions or seek to compel the FBI to conduct an investigation into alleged criminal acts, these claims are due to be dismissed under Rule 12(b)(6) for failure to state a claim.

### IV. Disclosure of Private Information/Wrongful Handling of Confidential Information

Plaintiff's claims that certain unidentified FBI employees distributed private information about him fail to state a claim because there is no allegation in the Complaint that any such information was distributed to the public. Alabama law[1] recognizes the tort of invasion of privacy by "giving publicity to private information about the plaintiff that violates ordinary decency[.]" *Ex parte Birmingham News, Inc.*, 778 So. 2d 814, 818 (Ala. 2000) (quoting *Johnston v. Fuller*, 706 So. 2d 700, 701 (Ala. 1997)).

---

[1] FTCA claims are governed by "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Bates v. U.S.*, No. 2:13-00051-KD-C, 2015 WL 4999740, *4 (S.D. Ala. Aug. 21, 2015) (holding that Alabama law applied because the accident at issue occurred in Selma, Alabama). Plaintiff alleges that the distribution of private information occurred in Gulf Shores, Alabama. (Doc. 1, PageID.8.)

9

According to the Supreme Court of Alabama:

> The first—and key—element in proving this invasion of privacy tort is "publicity." Comment a to [Restatement (Second) of Torts] § 652D defines "publicity": making a "matter . . . public by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become public knowledge." . . . If a person has given "publicity" to a matter, then the communication is sure to reach the public.

*Id.* (internal citations omitted). In other words, "*it is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons.*" *Id.* (quoting Restatement (Second) of Torts § 652D cmt. a) (emphasis in original). An individual fails to state a claim for invasion of privacy where he does not plead that the information was given publicity or was disclosed to the general public. *See, e.g., Baugh v. Austal USA, LLC*, No. 1:22-00329-KD-C, 2023 WL 2873381, *13-14 (S.D. Ala. April 10, 2023) (holding that a proposed amendment would be futile where the plaintiffs alleged only that the defendants communicated private information primarily among themselves, their coworkers, to the employer's community, and at the employer's facilities).

Plaintiff also fails to state a claim for invasion of privacy because he does not allege that "FBI Agent Rick" disclosed any private information about him to the public. At most, Plaintiff alleges that "FBI Agent Rick" disclosed "all the details on the investigation pertaining to the crimes committed against the Plaintiff around 9/8/2022" to "Stephanie Sanders." (Doc. 1, PageID.8). Plaintiff does not make any allegation that "FBI Agent Rick" or any other FBI agent disclosed any private or confidential information about him to the public or otherwise gave publicity to any such information. Under Alabama law, disclosing private and confidential information to one person (or several

people) does not give rise to the tort of invasion of privacy. As a result, Plaintiff's invasion of privacy claim against the United States is due to be dismissed under Rule 12(b)(6) for failure to state a claim.

Finally, Plaintiff asserts in his response to the motion to dismiss that he is in fact making a claim against the United States for the FBI's "**wrongful act and negligent** handling of confidential information that has jeopardized the criminal investigation against Plaintiff's offenders." (Doc. 9, PageID.66) (emphasis in original). As set forth above, Plaintiff's FTCA claim must be based on the law of the state where the negligent act or omission occurred, *i.e.*, the law of Alabama. Plaintiff has failed to identify any law or authority indicating that "wrongful . . . and negligent handling of confidential information" is a cognizable claim under Alabama law. As such, Plaintiff's FTCA claims for wrongful or negligent handling of confidential information are due to be dismissed under Rule 12(b)(6) for failure to state a claim.

**V.     Crime Victims' Rights Act**

Finally, in Plaintiff's two Victims' Rights Motions, he attempts to assert rights under the CVRA as a victim of crimes allegedly committed against him by Federal Agents. However, the Eleventh Circuit has held that "the CVRA does not provide a private right of action authorizing crime victims to seek judicial enforcement of CVRA rights outside the confines of a preexisting [criminal] proceeding." *In re Wild*, 994 F.3d 1244, 1269 (11th Cir. 2021), *cert. denied sub nom. Wild v. United States Dist. Ct. for S. Dist. of Fla.*, 142 S. Ct. 1188, 212 L. Ed. 2d 54 (2022). Here, where there has been no criminal prosecution of the FBI agents, *In re Wild* makes it clear that a motion to enforce victims' rights cannot be brought in a "stand-alone civil action." *See Id.* Accordingly, Plaintiff's Victims' Rights

Motions are due to be denied.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant's motion to dismiss be **GRANTED as to all claims and that this action be DISMISSED without prejudice.** It is further **RECOMMENDED** that Defendant's Victims' Rights Motions be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **18th** day of **December, 2023**.

<u>s/P. BRADLEY MURRAY</u>
UNITED STATES MAGISTRATE JUDGE