IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER HILTON RANDLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 23-00200-KD-MU |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Plaintiff Alexander Hilton Randles' Motion for Leave to Amend Complaint and Proposed Amended Complaint (doc. 14) and the Response filed by Defendant United States (doc. 15). Upon consideration, and for the reasons set forth herein, the Motion is DENIED. Accordingly, this action is dismissed with prejudice.

I. Standard of review

Randles asserts in his Motion that the Proposed Amended Complaint (PAC) would cure all the deficiencies identified in the United States' motion to dismiss. The United States argues that allowing the PAC would be futile because it would be subject to dismissal for lack of jurisdiction and/or failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6). Upon review of the record, Randles' Motion, the PAC, and the United States' response, the Court finds that the Motion is due to be denied because allowing the PAC would be futile.

"Under the Federal Rules of Civil Procedure, a district court 'should freely give leave [to amend] when justice so requires.'" Oltmanns v. Int'l Longshoremen's Ass'n, 837 Fed. Appx. 689, 694 (11th Cir. 2020) (quoting Fed. R. Civ. P. 15(a)(2)). "However, a court need not give leave "where amendment would be futile." Oltmanns, 837 Fed. Appx. at 694 (quoting Corsello v.

Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam) (quotation marks omitted).

"Amendment is futile 'when the complaint as amended is still subject to dismissal because, for example, it fails to state a claim for relief.'" Oltmanns, 837 Fed. Appx. at 694 (quoting Chang v. JPMorgan Chase Bank, N.A., 845 F.3d 1087, 1094 (11th Cir. 2017) (quotation marks omitted). Since futility is a factor for the Court to consider, it "may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." Christman v. Walsh, 416 Fed. Appx. 841, 844 (11th Cir. 2011); Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). Thus, "[w]hen deciding whether the complaint as amended is still subject to dismissal, the usual motion to dismiss standard applies." Oltmanns, 837 Fed. Appx. at 694; Hatcher v. Alabama Dep't of Human Services, 747 Fed. Appx. 778, 781 (11th Cir. Aug. 29, 2018) ("'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile,' such as 'when the complaint as amended is still subject to dismissal'....") (citations omitted).

II. Analysis

The claims in the PAC are brought pursuant to the Federal Tort Claims Act (FTCA). Randles alleges that three Call Center agents for the Federal Bureau of Investigation (FBI) hung up the phone when he tried to report certain crimes, and by so doing, they committed crimes. Specifically, the Call Center agents obstructed justice and violated his civil rights, and by their "wrongful acts," and omissions they "neglect[ed] a federal investigation". Randles had tried to report information about individual persons and groups of persons, identified as "Socialists", "Communists", "Democratic Socialists" and "Domestic Terrorists". He alleges that these persons and entities violated his civil rights, committed criminal acts, committed certain torts, and caused

harm to Randles including the loss of his business in Ohio.[1]

Randles also alleges that the Call Center agents and other FBI agents failed to carry out their duties by not taking the evidence and information from him, not relaying his complaints to the FBI, and thus delaying an investigation, and generally failing to investigate. As the reason why the duties were not carried out, he alleges that the Call Center agents and other FBI agents were in a conspiracy with the individual persons or the "Socialists" etc., to violate his civil rights, commit criminal acts, and cause him harm. From this, he alleges that these FBI employees have committed treason, obstruction of justice, and other federal crimes.

As a result, Randles brings this action under the FTCA against the United States for the alleged harm caused by its employees, the Call Center Agents and other FBI agents. He also seeks a writ of mandamus to compel the FBI and the United States Attorney General to investigate and prosecute the Call Center agents and other FBI agents, investigate and prosecute the Socialists, etc.,

---

[1] Randles had a tire business in Ohio. He later moved to Gulf Shores, Alabama. He alleges that the "Socialists", "Communists", "Democratic Socialists", "Domestic Terrorist groups" etc., slandered and defamed his name and business image, vandalized his business van, interfered with his business relations with suppliers, stalked and harassed him on telecommunications and social media, and distributed private imagery. He alleges he "targeted" with "various videography/photography" and that "multiple imageries" have been sent "text, email, messaging, websites, and social media violating" 18 U.S.C. § 1466 (doc. 14, p. 7) (Section 1466 is captioned "Engaging in the business of selling or transferring obscene matter"). He also alleges he "was infected with an incurable disease due to the biological terrorism orchestrated by the Democratic Socialists" in violation of 18 U.S.C. § 175 (Section 175 is captioned "Prohibitions with respect to biological weapons") (Id., p. 4). Randles reported this conduct to local law enforcement, but no action was taken. He alleges that Ohio local and state police were involved in the crimes and should be investigated. Randles alleges that after moving to Gulf Shores, the conduct continued and he is being "defamed and slandered across the communities in Ohio and Alabama" by the Socialists, etc.

Randles does not appear to allege any claim against the Ohio local and state police or any claim against the Socialists, etc., who are engaged in this conduct. He appears to provide this information as background for the information he tried to give the Call Center agents in his efforts to get the FBI to investigate this conduct.

and disclose certain documents and information to Randles.

    A. <u>Allegations of violations of civil rights</u>

The claims in the PAC alleging that the Call Center agents or other FBI agents, or other persons acting on their behalf,[2] violated 42 U.S.C. § 1985 and 1986, would be subject to dismissal for lack of subject matter jurisdiction. The "United States has not waived its immunity to suit under the provisions of the civil rights statutes." <u>United States v. Timmons</u>, 672 F.2d 1373, 1380 (11th Cir. 1982). These claims would also be subject to dismissal for failure to state a claim upon which relief can be granted because these statutes apply only to persons acting under color of <u>state</u> law not federal law. <u>Harper v. City of Birmingham</u>, 661 F. Supp. 672, 674-75 (N.D. Ala. 1986) ("[I]t is the general rule that the United States is not a 'person' within the meaning of 42 U.S.C. §§ 1983, 1985, or 1986.").

    B. <u>Violations of criminal statutes</u>

The claims in the PAC alleging that the Call Center agents or other FBI agents violated federal criminal statutes[3] would be subject to dismissal for lack of subject matter jurisdiction. The

---

[2] Randles alleges that his doctor in Foley, Alabama "tampered" with Randles' "evidence" that he planned to use in a lawsuit "against his offenders", which appears to mean the Socialists, etc. Randles alleges that he tried to report this conduct to the FBI but the Call Center agent hung up the phone and refused to take any evidence about the doctor's actions. He also alleges that the FBI paid the doctor "for this obstruction of justice" (doc. 14, p. 7, 32). Randles alleges that "FBI Agent Rick" began to leak "confidential evidence and information" to gym members at Factory Fitness in Gulf Shores and that these gym members then distributed private images of Randles. He tried to give this information to the Call Center agent, including the names of the gym members, but the agent hung up the phone (doc. 14, p. 24, 32).

[3] 18 U.S.C. § 241 "Conspiracy against rights", 18 U.S.C. § 242 "Deprivation of rights under color of law", 18 U.S.C. § 1466 "Engaging in the business of selling or transferring obscene matter"; 18 U.S.C. § 1505 "Obstruction of proceedings before departments, agencies, and committees", 18 U.S.C. § 1512 "Tampering with a witness, victim, or an Informant", 18 U.S.C. §1518 "Obstruction of criminal investigations of health care offenses", 18 U.S.C. § 1519 "Destruction, alteration, or falsification of records in Federal investigations and bankruptcy", and 18 U.S.C. § 2381 "Treason".

FTCA does not waive sovereign immunity for claims brought against the United States for the criminal activities of its employees. David v. Darnell Cmty. Hosp., No. 8:19-cv- 2591-CEH-JSS, 2021 WL 2407992, *2 n.2 (M.D. Fla. June 7, 2021); Benjamin v. U.S. Dep't of Just., No. 21-12414, 2022 WL 1567768, at *2 (11th Cir. May 18, 2022) ("The FTCA … provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. … 'unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim.'"). These claims are also subject to dismissal for failure to state a claim upon which relief can be granted because these criminal statutes do not provide a private right of action. Smith v. JP Morgan Chase, 837 Fed. Appx. 769, 770 (11th Cir. 2021) (Further, this Court has concluded that criminal statutes do not provide for private civil causes of action, so it follows that Smith's Title 18 allegations are also without merit because those criminal statutes do not provide for private causes of action.") (citing Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (explaining that criminal statutes do not provide for private civil causes of action)); Boston v. Monroe, No. 1:21-CV-5080-CAPCMS, 2022 WL 1907586, *2 (N.D. Ga. Feb. 25, 2022) (dismissing plaintiff's claims because "there is no private right of action to institute a criminal proceeding").

    C. Liability under the FTCA

To the extent that Randles claims that the United States is liable for the Call Center agents and other FBI agents' conduct under the FTCA (doc. 14, p. 16, 39-40), the Court lacks subject matter jurisdiction.[4] The FTCA provides that the United States may be liable for injury "caused by

---

[4] Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001) ("… our court has squarely addressed this issue, holding that unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim.").

the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, <u>if a private person,</u> would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (emphasis added). In this circumstance, the United States, <u>i.e.,</u> the FBI, is not analogous to a "private person" because a "private person" would not have a duty to receive evidence or information regarding a crime or investigate criminal activity. <u>See Gonzalez v. United States</u>, No. 18-CV-21789-KMM, 2018 WL 7825025, at *3 (S.D. Fla. Oct. 11, 2018) ("Because Plaintiff has not identified a tort under Florida law that would make a private party liable for negligently handling or failing to correct [U.S. Department of Veteran's Affairs and Social Security Administration] records, this court lacks subject matter jurisdiction over Plaintiff's FTCA claim.") (citation omitted). That municipalities or states may be liable under similar circumstances, "is irrelevant to whether a private person would be liable under those circumstances for FTCA purposes" <u>Id.</u>, (citing <u>Zelaya v. United States</u>, 781 F.3d 1315, 1324 n. 4 ("… the analogy that must be made is one between the federal government and a private person, and thus a state law that permits tort claims against the state or local government does not suffice.").

    D. <u>Mandamus pursuant to 28 U.S.C. § 1361</u>

Randles alleges that he has "a right of action to compel Government employees to perform their duties under 28 U.S.C. § 1361" (doc. 14, p. 16, 41-46). He also provides a list of the statutes[5] which outline the duties he seeks to compel the "Government employees" to perform. Specifically, Randles seeks an order to compel the FBI to disclose, the following:

    1. "… all videography/photography retained from [the] investigation",

---

[5] 28 U.S.C. § 547 "United States Attorney Duties", 28 U.S.C. § 509 "Functions of the Attorney General", and 28 U.S.C. § 533 "Investigative and other officials; appointment."

2. "… all information and evidence from the investigation pertaining to the crimes committed against" him,

3. "… the results of their FTCA internal investigation pertaining to the conspirators involved in Obstructing Justice, Treason, Victim Tampering, Distribution of Private Imagery/Obscene Material, and Crime Violating Plaintiff's Civil Rights", and

5. "…to accept Plaintiff's evidence being prevented from being submitted; investigate the conspirators involved in the domestic terrorist group committing the crimes of Telecommunications Harassment, Vandalism, Theft, Distribution of Private Imagery/Obscene Material, Victim Tampering, Obstructing Justice, Biological Terrorism, Treason, and Civil Rights Violation Crimes against Plaintiff".

(Doc. 14, p. 41-43).

He also seeks an order to "compel the United States Attorney General to prosecute" the following:

4. "… the Federal Bureau of Investigation Employee conspirators involved in Obstructing Justice, Treason, Victim Tampering, Distribution of Private Imagery/Obscene Material, and Crimes Violating Plaintiffs Civil Rights" and

6. "… the conspirators involved in the domestic terrorist group committing the crimes of Telecommunications Harassment, Vandalism, Theft, Distribution of Private Imagery/Obscene Material, Victim Tampering, Obstructing Justice, Biological Terrorism, Treason, and Civil Rights Violation Crimes against Plaintiff."

(Id., p. 43-46).

However, the district courts do not have authority to direct a federal agency, by way of a writ of mandamus pursuant to 28 U.S.C. § 1361, to investigate alleged criminal conduct or to control its discretion whether to pursue a criminal prosecution. As explained in Jackson v. United States, No. 8:16-cv-3497-T-36JSS, 2017 WL 11072154, *2 (M.D. Fla. May 18, 2017), "[t]he decision to investigate and prosecute crimes is entrusted to the executive branch" and "[p]rosecutorial discretion is respected as a matter of separation of powers." (citing United States v.

Smith, 231 F.3d 800, 807 (11th Cir. 2000) and U.S. CONST., art. II, § 3); Tannehill v. Wilkie, No. 20-0105-TFM-C, 2021 WL 1624275, *25 (S.D. Ala. Jan. 25, 2021) (same). To the extent that Randles claims liability under the FTCA for the United States' failure to meet the statutory duties for which he seeks a mandamus, "'[t]he FTCA was not intended to redress <u>breaches of federal statutory duties</u>.' " Zelaya v. United States, 781 F.3d at 1324 (internal citations omitted) (underlining added). Additionally, as a private citizen, Randles has no "judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987); see Bush v. Exec. Branch United States, No. 1:17-CV-2379-WSD, 2017 WL 4356876, at *1 (N.D. Ga. Oct. 2, 2017) ("A writ of mandamus is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. … Plaintiff has not shown he has a 'clear right to the relief requested,' because the Eleventh Circuit has 'clearly held that a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.' … Plaintiff also has not shown that Defendants have a 'clear duty to act,' because 'the Government retains broad discretion as to whom to prosecute' and thus 'prosecutorial discretion may not be controlled by a *writ of mandamus*.' ") (citations omitted).

    E. <u>Alabama Code § 6-5-370</u>

    Randles' PAC contains a new claim under Alabama Code § 6-5-370. Specifically,

> These United States employees committed crimes amounting to a felony. A civil action may be commenced by Plaintiff due to injuries to his person and property. These United States employees do not need to be prosecuted to create a right of action. These United States employees committed crimes within the scope of their employment. Plaintiff has a right of action according to Alabama Law. Criminal Statutes[6] will be shown in the Statement for Claim of Relief under each Federal

---

[6] Randles alleges violations of 18 U.S.C. § 241 "Conspiracy against rights", 18 U.S.C. § 242

>   Employee that violated the Federal Statutes.

(Doc. 14, p. 12). In the Statement for Claim of Relief, Randles alleges that

>   The United States FBI Agents hung up the phone on Plaintiff while he was
>   attempting to report criminal activities which violates criminal statutes. Plaintiff has
>   a right of action against the FBI Agents for violations of criminal statutes under
>   Alabama Code 6-5-370. Civil Action without Criminal Prosecution. The United
>   States is liable for the wrongful acts, neglect, and omission of its employees under 28
>   U.S.C. §2674. Liability of United States.

(Doc. 14, p. 16).

Section 6-5-370 states that "[f]or any injury, either to person or property, amounting to a felony, a civil action may be commenced by the party injured without prosecution of the offender." However, the statute "only eliminate[d] an obstacle" under Alabama law, the necessity of a criminal prosecution, "for plaintiffs with a valid cause of action…" Lewis v. Fraunfelder, 796 So.2d 1067, 1070 (Ala. 2000) (quoting Preskitt v. Lyons, 865 So.2d 424, 429 (Ala. 2003). "The Alabama Supreme Court has explained that civil liability for acts which constitute a crime 'will ensue only if the acts complained of violate the legal rights of the plaintiff, constitute a breach of duty owed to the plaintiff, or constitute some cause of action for which relief may be granted.'" Ruhl v. Spear, No. 5:15-CV-00742-AKK, 2015 WL 5117017, at *3–4 (N.D. Ala. Aug. 28, 2015), aff'd, 639 Fed. Appx. 624 (11th Cir. 2016) (quoting Ages Grp., L.P. v. Raytheon Aircraft Co., 22 F. Supp. 2d 1310, 1320 (M.D. Ala. 1998).

---

"Deprivation of rights under color of law", 18 U.S.C. § 1505 "Obstruction of proceedings before departments, agencies, and committees", 18 U.S.C. § 1512 "Tampering with a witness, victim, or an Informant", 18 U.S.C. §1518 "Obstruction of criminal investigations of health care offenses", 18 U.S.C. § 1519 "Destruction, alteration, or falsification of records in Federal investigations and bankruptcy", and 18 U.S.C. § 2381 "Treason".

Here, Randles alleges that the Call Center agents' refusal to take his evidence and information – hanging up the phone - resulted in the FBI's failure to investigate and prosecute the Socialists, etc., and failure to investigate and prosecute the FBI agents whom he believes conspired with the Socialists, etc., to violate his civil rights. He alleges that this conduct caused him harm and deprived him of his civil rights. But as previously stated, Randles has no "judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Attorney Gen., 832 F.2d at 141. And as explained in Jackson v. United States, 2017 WL 11072154, *2 "[t]he decision to investigate and prosecute crimes is entrusted to the executive branch" and "[p]rosecutorial discretion is respected as a matter of separation of powers." In other words, Randles has no right to an investigation and prosecution, no duty was owed to him to investigate or prosecute, and he has failed to allege a valid claim against the United States. See Belevich v. Thomas, 2018 WL 5831497 (N.D. Ala 2018) (analyzing Ala. Code § 6-5-370 and finding that defendants did not allege any facts in their counterclaim which "state an injury equivalent to a felony under federal law…").

III. Conclusion

The Court previously adopted the Magistrate Judge's Report and Recommendation and dismissed without prejudice the original Complaint for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. Randles has taken his opportunity to amend his Complaint by filing this Motion for Leave to Amend. However, for the reasons set forth herein, Randles' Motion is DENIED because allowing the PAC would be futile. The Court is unable to ascertain any reason to allow Randles a third opportunity to amend. Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019) (leave to amend is not warranted "if a more carefully drafted complaint could not state a claim.").

Since the original Complaint has been dismissed and allowing the PAC or further

amendment would be futile, this action is dismissed with prejudice. Watkins v. Hudson, 560 Fed. Appx. 908, 911 (11th Cir. 2014) ("A court must therefore afford a plaintiff an opportunity to amend his pro se complaint before dismissing with prejudice unless … an amendment would be futile."); Lee v. Alachua County, Fla., 461 Fed. Appx. 859, 860 (11th Cir. 2012) (pro se litigant must be given one chance to amend a complaint that fails to state a claim before dismissal, but an amendment will not be allowed if it is futile, meaning subject to dismissal or summary judgment).

  DONE and ORDERED this the 30th day of January 2024.

            s/ Kristi K. DuBose
            KRISTI K. DuBOSE
            UNITED STATES DISTRICT JUDGE